H. G. SPRADLING v. J. W. HAZELRIGG'S ADM'R.

[Kentucky Law Reporter, Vol. 1—236, as *Spradlin v. Hazlerigg's Adm'r.*]

**Usurious Interest.**

    A note providing for 10 per cent. interest, given before the conventional rate of interest law was enacted, is not usurious.

**Interest After Maturity of Note.**

    A note bearing 10 per cent. interest, not providing that it shall draw such interest from date until paid, only draws the legal rate of interest from the date of its maturity, and it is error to compute 10 per cent. interest thereon after judgment.

APPEAL FROM MORGAN CIRCUIT COURT.

September 22, 1880.

OPINION BY JUDGE HARGIS:

The appellant bought the land described in the pleadings of appellee's testator, and accepted from him a quit-claim deed for it. By this deed he was invested with the title owned by the grantor, under a covenant to defend that title only against the claims of the grantor, or those claiming or who might claim by, through or under him.

There was no breach of the special warranty contained in the deed alleged in the answer. The allegation thereof on that point set forth the fact that the appellant had lost a portion of the land in a lawsuit with a stranger, who had recovered it upon a superior title to that of his grantor, and not upon any title or claim derived from the grantor.

The answer does not allege or intimate any fraud upon the part of the testator connected with the supposed alteration of the patent; and in so far as the appellant sought relief for breach of the covenant contained in the deed, his answer presented no defense to appellee's action.

There is a valuable consideration to sustain the obligation of appellant; and the extent of that consideration is not material here, because the appellant's own contract did not provide him with any remedy against the contingency which has happened, but expressly exempted his grantor from any responsibility therefor.

The ten per cent. interest named in the notes given before the conventional rate of interest law was enacted, is not usurious, because the deed to appellant specifies that the ten per cent. interest embraced in those notes constituted a part of the consideration for the land. As that deed is made part of plaintiff's petition, the fact sufficiently appears from it and the notes, without further allegations, that the ten per cent. interest was not for the loan or forbearance of money, but for land. Interest thereon at ten per cent. should have been allowed on each of the notes until it fell due; and thereafter at six per cent., as indulgence after the notes became due was a forbearance to enforce the right to collect money.

The judgment might have been legally rendered for the principal and accrued interest computed as herein indicated. But the court below erred in computing interest at ten per cent. from the date of the judgment. And it is, therefore, *reversed,* and the case remanded for further proper proceedings.

*Cooper & Havens, J. & J. W. Rodman, for appellant.*